FILED

MAY 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDREW THOMAS, on his own behalf
and all similarly situated individuals,

    Plaintiff,

v.

S.W. COLE, INC., a Florida Profit Corporation,
and JERRY COLE, individually,

    Defendants.

CIVIL ACTION
FILE NO.:

8:14 cv1042 T17TSM

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ANDREW THOMAS ("Plaintiff"), on behalf of himself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendants, S.W. COLE, INC. ("S.W."), a Florida Profit Corporation and JERRY COLE, individually, ("JC") (collectively, "Defendants") and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 216(b).

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## **PARTIES**

4. At all times material hereto, Plaintiff was, and continues to be, a resident of Hernando County, Florida.

5. At all times material hereto, S.W. was a Florida Profit Corporation. Further, at all times material hereto, S.W. was engaged in business in Hernando County, Florida.

6. At all times material hereto, S.W. provided pest control services.

7. At all times relevant to this action, JC was an individual resident of the State of Florida.

8. At all times relevant to this action, JC owned S.W.

9. At all times relevant to this action, JC managed and operated S.W.

10. At all times relevant to this action, JC regularly exercised the authority to hire and fire employees of S.W.

11. At all times relevant to this action, JC determined the work schedules for the employees of S.W.

12. At all times relevant to this action, JC controlled the finances and operations of S.W.

13. At all times relevant to this action, JC was an employer as defined by 29 U.S.C. § 201 et. seq.

14. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA.

15. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

16. At all times material hereto, Defendants were the "employers" within the meaning of FLSA.

17. Defendants were, and continue to be, "employers" within the meaning of FLSA.

18. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.

19. At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

20. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

21. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce. Specifically, Defendants had multiple employees who regularly drove vehicles, used cell phones, equipment, and materials, and handled pest control chemicals—all necessary for Defendants' business—that were manufactured outside of the State of Florida.

22. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

23. At all times material hereto, Plaintiff was "engaged in commerce" by virtue of the fact that he regularly performed work on instrumentalities of commerce (i.e. interstate roadways).

24. At all times material hereto, Plaintiff was engaged in the "production of

3

goods for commerce" and subject to the individual coverage of the FLSA.

25. The additional persons who may become plaintiffs in this action are/were non-exempt "technician" employees of Defendants, who held similar positions to Plaintiff, and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods, but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

26. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

27. On or about November 2012, Defendants hired Plaintiff to work as a non-exempt "technician."

28. At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

29. From at least November 2012, and continuing through July 2013, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.

30. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

31. Defendants have violated Title 29 U.S.C. § 207 from at least November 2012, and continuing through July 2013, in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

4

    b.    No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA;

    c.    Defendants have failed to maintain proper time records as mandated by the FLSA.

32.    Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in this litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

33.    Plaintiff re-alleges and re-avers paragraphs 1 through 32 of the Complaint as if fully set forth herein.

34.    From at least November 2012, and continuing through July 2013, Plaintiff worked in excess of forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

35.    Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

36.    At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA.

37.    Defendants' actions were willful and/or showed reckless disregard for the

provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours Plaintiff worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

38. Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

39. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered, and continues to suffer, damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

40. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

41. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§ 516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for inadequate overtime compensation of such employees at a rate of less than time and one-half for their overtime hours.

42. Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff were not paid proper overtime for all their hours worked in excess of forty (40) in one or more workweeks because Defendants failed to properly pay Plaintiff, and those similarly situated to him, proper overtime wages at time and one-half their regular rate of pay for such hours.

## COUNT II
## DECLARATORY JUDGMENT

43. Plaintiff re-alleges and re-avers paragraphs 1 through 32 of the Complaint as if fully set forth herein.

44. Plaintiff and Defendants have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

45. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-02.

46. Plaintiff may obtain declaratory relief.

47. Defendants employed Plaintiff.

48. Defendant S.W. is an enterprise, subject to the coverage of the FLSA in 2012.

49. Defendant S.W. is an enterprise, subject to the coverage of the FLSA in 2013.

50. Plaintiff was individually covered by the FLSA.

51. Plaintiff is entitled to overtime compensation pursuant to 29 U.S.C. §207(a)(1).

52. Defendants did not keep accurate time records pursuant to 29 U.S.C. §211(c) and 29 C.F.R. Part 516.

53. Defendants did not rely on a good faith defense in their failure to abide by the provisions of the FLSA.

54. Plaintiff is entitled to an equal amount of liquidated damages.

55. It is in the public interest to have these declarations of rights recorded.

56. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations at issue.

57. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

58. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

   a. Declaring, pursuant to 29 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

   b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

   c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

   d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

   e. Awarding Plaintiff pre-judgment interest; and

   f. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this ___ day of April, 2014.

                                            Respectfully submitted,

                                            /s/ Amanda Kayfus
                                            Amanda Kayfus, Esq.
                                            Florida Bar No.: 92805
                                            Andrew R. Frisch, Esq.
                                            Florida Bar No. 27777
                                            MORGAN & MORGAN
                                            600 N. Pine Island Rd., Ste. 400
                                            Plantation, FL 33324
                                            Tel: 954-318-0268
                                            Fax: 954-333-3515
                                            E-mail: akayfus@forthepeople.com
                                            E-mail: afrisch@forthepeople.com

                                            *Trial Counsel for Plaintiff*